**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MICHAEL E. MULROONEY,

      Petitioner,

-vs-                              Case No.  8:22-cv-464-CEH-TGW

SECRETARY, DEPARTMENT
OF CORRECTIONS,

      Respondent.

_____/

## ORDER

      Petitioner, a Florida inmate, initiated this action by petitioning for the writ of habeas corpus under 28 U.S.C. § 2254 ("petition") (Doc. 1). Respondent moves to dismiss the petition as time barred (Doc. 9), which Petitioner opposes (Doc. 13). Upon consideration, the petition will be denied as time barred.

Procedural Background

      On August 4, 2010, a jury found Petitioner guilty of four counts of sexual battery on a person less than 12 years of age (counts 1 through 4), and four counts of sexual battery on a person 12 years of age or older but less than 18 years of age (counts 5 through 8) (Doc. 10-2, Ex. 1 at 88-95).[1] He was sentenced to life in prison on counts 1 through 4, and to 30 years in prison on the remaining counts (*Id.*, Ex. 1 at 106-07). His convictions and sentences were

---

[1] Unless otherwise indicated, for purposes of reference to pleadings and exhibits, the Court will cite the document page numbers assigned by the Court's electronic docketing system.

affirmed on appeal on January 25, 2012 (*Id.*, Ex. 4).

On November 13, 2013, Petitioner filed a motion for post-conviction relief under Rule 3.850, Fla.R.Crim.P. (*Id.*, Ex. 6 at 483-527). The Rule 3.850 motion was finally denied on October 15, 2014 (*Id.*, Ex. 6 at 642-749). The denial was affirmed on appeal (*id.*, Ex. 10), and the appellate court mandate issued on May 18, 2016 (*Id.*, Ex. 13).

On April 28, 2016, Petitioner filed a Motion to Correct Sentence under Rule 3.800(a), Fla.R.Crim.P. (*Id.*, Ex. 14). Although the Rule 3.800(a) motion was initially denied (*id.*, Ex. 15), after rehearing it was granted (*Id.*, Ex. 22). On March 23, 2017, Petitioner was resentenced to life in prison on counts 1 through 4 and to 238 months in prison on counts 5 through 8 (*Id.*, Ex. 23 at 1207; Exs. 26, 27). Petitioner appealed the resentencing (*Id.*, Ex. 28).

While the appeal was pending, Petitioner filed a motion to correct his sentence under Rule 3.800(b), Fla.R.Crim.P. (*Id.*, Ex. 34 at 1324-26). The Rule 3.800(b) motion was granted (*id.*, Ex. 34 at 1341-44), and on January 26, 2018, Petitioner was resentenced on counts 5 through 8 to 167.75 months in prison (*Id.*, Ex. 34 at 1360-61, 1382). Petitioner's resentencing was affirmed on appeal on December 19, 2018 (*Id.*, Ex. 37). His motion for rehearing en banc was denied on April 10, 2019 (*Id.*, Ex. 39).

On April 8, 2020, Petitioner filed a second Rule 3.850 motion (*Id.*, Ex. 41 at 1491-1511). The state post-conviction court dismissed the motion as untimely except for one claim that was "denied" because Petitioner alleged it was based on newly discovered evidence (*Id.*, Ex. 41 at 1513-1517). The state post-conviction court "denied" that claim

because the evidence was not newly discovered and would not have produced an acquittal on retrial (*Id.*). On appeal, the appellate court affirmed the state post-conviction court's order without a written opinion (*Id.*, Ex. 44). The appellate court mandate issued on December 2, 2021 (*Id.*, Ex. 48).

Petitioner's initial federal habeas petition was provided to prison officials for mailing on February 22, 2022 (Doc. 1 at 1).[2]

Discussion

The petition is untimely.

Respondent moves to dismiss the petition as time barred (Doc. 9). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations in which a state prisoner may file a federal habeas petition. 28 U.S.C. § 2244(d)(1). *Lawrence v. Florida*, 549 U.S. 327, 331 (2007). Section 2244(d)(1) provides:

(d)(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the

---

[2] A pleading is considered filed by a prisoner on the date it was delivered to prison authorities for mailing. *See Garvey v. Vaughn*, 993 F.2d 776, 783 (11th Cir. 1993) (stating that "the date of filing shall be that of delivery to prison officials of a complaint or other papers destined for district court for the purpose of ascertaining timeliness").

Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

For purposes of AEDPA, the relevant one-year limitations period applicable here runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). And under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Both parties agree that Petitioner's judgment became final on July 9, 2019, when the 90-day period expired for petitioning the United States Supreme Court for certiorari review following the April 10, 2019 denial of rehearing on Petitioner's direct appeal after resentencing. *See Burton v. Stewart*, 549 U.S. 147, 156-57 (2007) (where state appellate court remands for resentencing, the limitations period does not begin until both the conviction and resentencing claims are final on direct review); Sup.Ct.R. 13; *Nix v. Sec'y, Fla. Dep't of Corr.*, 393 F.3d 1235, 1236-37 (11th Cir. 2004) (holding that a petitioner's conviction became final, for federal habeas purposes, after the expiration of the 90-day period in which he could have sought certiorari review in the United States Supreme Court). Thus, the AEDPA statute of limitations started the next day, July 10, 2019.

The limitations period ran for 273 days when Petitioner filed his second Rule 3.850 motion on April 8, 2020. But the motion did not toll the limitations period because it was

4

not "properly filed," since it was dismissed as untimely.[3] *See Jones v. Sec'y, Fla. Dep't of Corr.*, 906 F.3d 1339, 1342 (11th Cir. 2018) ("In *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005), the United States Supreme Court expressly held that a state court motion for post-conviction relief cannot be considered 'properly filed' for tolling under Section 2244(d)(2) if the motion was untimely under state law."). Thus, the limitations period elapsed 92 days later on July 9, 2020. Accordingly, Petitioner's federal habeas petition, filed on February 22, 2022, is untimely.

Petitioner argues his second Rule 3.850 motion was "properly filed" because the state court incorrectly found it untimely (*See* Doc. 13). But under *Jones*, this Court must defer to the state court's determination that Petitioner's motion was untimely. *See Jones*, 906 F.3d at 1350 ("In short, the state court ruled that the Rule 3.850 Motion was untimely, and we are required to defer to that ruling."). That is, the state court's determination of untimeliness is "the end of the matter" for purposes of § 2244(d)(2). *Id*. at 1351 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005)). Because the motion was untimely, it was not "properly filed" and it did not toll the limitations period for Petitioner's federal habeas petition.

Petitioner's federal habeas petition was untimely filed. And because Petitioner fails to

---

[3] Although the state post-conviction court order stated that the single claim Petitioner argued was based on "newly discovered evidence" was "denied" rather than dismissed as untimely, it is apparent that the ruling amounted to a finding that the claim was untimely because it did not meet the "newly discovered evidence" exception to Rule 3.850's two-year statute of limitations. *See Jones*, 906 F.3d at 1350 (concluding that although the state court failed to expressly state Rule 3.850 motion based on newly discovered evidence was untimely, "an untimeliness finding was subsumed within the state court's denial of relief because (according to that court) the petitioner could have discovered the new evidence several years before.").

allege and show entitlement to tolling or any other equitable exception to the statute of limitations, the petition is time-barred.[4]

Accordingly:

1. The petition (Doc. 1) is **DISMISSED** as time-barred.

2. If Petitioner appeals the denial of the petition, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is unwarranted, Petitioner may not appeal *in forma pauperis*.

3. The Clerk of the Court is directed to close this case.

**ORDERED** in Tampa, Florida, on November 26, 2024.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Petitioner, pro se
Counsel of Record

---

[4] *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) ("We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or ... expiration of the statute of limitations."); *Holland v. Florida*, 560 U.S. 631 (2010) (holding that AEDPA's statute of limitations is subject to equitable tolling).